```
1  Eric M. Schiffer (SBN 179695)
   Kelly A. Beall (SBN 162456)
2  WOLFE & WYMAN LLP
   5 Park Plaza, Suite 1100
3  Irvine, California 92614-5979
   Telephone:  (949) 475-9200
4  Facsimile:   (949) 475-9203

5  Attorneys for Defendant
   NATIONAL CITY MORTGAGE COMPANY
```

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME P. ARAUJO, ROSA A. ARAUJO Sramineus Homo, US Vessel<br><br>**Libellant,**<br><br>V.<br><br>NATIONAL CITY MORTGAGE CO., U.S. Vessel DOES, ROES, AND MOES 1-100 et al, US Vessel sand<br><br>**Libellees,**<br><br>Jaime-Pablo: Araujo & Rosa-Amanda: Araujo Lien Holder of the Vessel, the Real Party In Interest, Lawful Man **Injured Third Party Intervener/Petitioner/ Libellant,**<br><br>V.<br><br>NATIONAL CITY MORTGAGE CO., U.S. Vessel, DOES, ROES, and MOES 1-100 et al<br>**US VESSELS INDIVIDUALLY AND SEVERALLY Third Party Defendants/Libellees** | Case No.: CV080695<br><br>**NOTICE OF MOTION AND MOTION OF NATIONAL CITY MORTGAGE COMPANY TO DISMISS PLAINTIFF'S PETITION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Fed.R.Civ.P. 12(b)(6)]<br><br>Date:        May 8, 2008<br>Time:        2:00 p.m.<br>Courtroom:  2<br><br>Honorable    Claudia Wilken<br><br>[PROPOSED ORDER LODGED AND SERVED CONCURRENTLY] |

**TO THE HONORABLE COURT, THE PLAINTIFF AND OTHER PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that on May 8, 2008, at 2:00 p.m., or soon thereafter as the matter may be heard in Division 2 of the above-entitled Court, located at 1301 Clay St., Ste. 400S, Oakland, California, 94612-5212, Defendant NATIONAL CITY MORTGAGE COMPANY will move the Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Petition of Plaintiffs JAIME P. ARAUJO and ROSA A. ARAUJO on the grounds that said Petition fails to state a claim upon which relief may be granted. Specifically, the Petition is part of an apparent debt elimination scheme and an improper attempt to eliminate Petitioner's loan.

This Motion will be based on this Notice, the attached Memorandum of Points and Authorities filed and served concurrently, all pleadings and papers on file herein, the Request for Judicial Notice and upon such oral and documentary evidence as may be presented at the hearing on this Motion.

DATED: March 26, 2008        WOLFE & WYMAN LLP

By: _____
ERIC M. SCHIFFER
KELLY ANDREW BEALL
Attorneys for Defendant
**NATIONAL CITY MORTGAGE COMPANY, ET. AL.**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff filed the subject Petition as part of an apparent debt elimination scheme. Plaintiff's Petition contains a series of vague, ambiguous and unintelligible paragraphs reciting federal law and fictitious administrative procedures, claiming that Petitioner is now somehow entitled to a judgment that his loan has been eliminated, rather than allegations reflecting a legally recognizable claim. (Small v. Chao, 398 F.3d 894, 898 (7 Cir.2005))

Plaintiff's Petition should be dismissed because it fails to allege a claim as against NATIONAL CITY MORTGAGE COMPANY ("NATIONAL CITY MORTGAGE") despite the unintelligible recitations. (F.R.Civ.P. 12(b)(6); Nixon v. Individual Head of St. Joseph Mortgage Company, 615 F.Supp. 898 (C.C. Ind. 1985)) The Court should also dismiss Plaintiff's Petition for failure to plead facts to reflect that this court has jurisdiction over the matter. (Rene v. Citibank NA, 32 F.Supp.2d 539 (E.D. N.Y. 1999))

## II. SUMMARY OF PETITION

Plaintiff labels his pleading as a "Petition for Libel of Review of an Administrative Judgment."

The Petition contains sections captioned Jurisdiction, Restrictions, Facts, Conclusion and Relief Sought. The Relief Sought section of the Petition demonstrates the clear intent of the Petition is to further an attempted debt elimination scheme being pursued by Plaintiff.

Despite the uncertain and nonsensical allegations, what is clear regarding the Petition is Plaintiff's failure to alleged facts to support a claim entitling him to relief.

## III. LEGAL STANDARD

Federal Rules of Civil Procedure, Rule 12(b) authorizes a motion to dismiss in response to a complaint. Rule 12(b) also supports the granting of a motion to dismiss when the basis of the objection appears on the face of the complaint. The grounds for

objection to a complaint include the failure to state facts upon which a claim for relief can be granted. (F.R.Civ.P. 12(b)(6))

A Rule 12(b) motion tests the legal sufficiency of the facts alleged in the complaint. If the Court decides the facts alleged therein, if true, would not entitle a plaintiff to a legal remedy, the motion may be granted. (DeLaCruz v. Tormey 582 F.2d 45, 48 (9th Cir. 1978)) A complaint must contain either factual or logical inferential allegations establishing all "material elements to sustain a recovery under some viable legal theory". (Scheid v. Fanny Farmer Candy Shops, Inc. 859 F.2d 434, 436 (6th Cir. 1988)) As set forth below, Plaintiff cannot state a claim against NATIONAL CITY MORTGAGE.

## IV. PLAINTIFF FAILS TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED AGAINST NATIONAL CITY MORTGAGE COMPANY

### A. The Petition is unintelligible.

It is impossible to determine from the Petition how Plaintiff has been damaged and what wrongdoing is the basis for the Petition. Further, there are no factual allegations in the Petition which, under any legal theory, would entitle Plaintiff to the relief he seeks. (Small v. Chao, 398 F.3d 894, 898 (7 Cir.2005). Thus, even if Plaintiff could establish jurisdiction, his Petition should be dismissed because it is unintelligible and fails to inform NATIONAL CITY MORTGAGE of its alleged wrongdoing. (Davis v. Ruby Foods, 269 F.3d 818, 820 (7 Cir.2001) (dismissing an unintelligible claim is not unexceptional). Leave to replead is often granted when a claim is dismissed under Rule 8(a) for being unintelligible. (Lindell v. McCallum, 352 F.3d 1107, 1110 (7 Cir.2003)) However, in this matter, Plaintiff's Petition is devoid of any allegations which reflect that he could amend to allege a cognizable claim. (Davis, 269 F.3d at 820-21.)

### B. Plaintiff fails to allege a claim against NATIONAL CITY MORTGAGE.

Plaintiff alleges that his administrative award was pursuant to an "International

4

Commercial Claim in Admiralty Administrative Remedy." In essence, Plaintiff believes that his mortgage debt has now been eliminated through his fictitious administrative remedy; a variant of the various "vapor money" theories rejected in numerous other cases: Nixon v. Individual Head of St. Joseph Mortgage Company, 615 F.Supp.898 (C.C. Ind. 1986); In re: Stickland, 179 B.R. 979 (Bankr. N.D. Ga 1995); Rene v. Citibank NA, 32 F.Supp.2d 539 (E.D. N.Y. 1999) The Petition, in this matter, should be dismissed based on Plaintiff's failure to allege a claim as against NATIONAL CITY MORTGAGE.

## V. PLAINTIFF FAILS TO ALLEGE FACTS TO SHOW JURISDICTION

NATIONAL CITY MORTGAGE moves to dismiss the Complaint pursuant to Rule 12(b)(1) on the ground that this Court lacks subject matter jurisdiction. (Rene v. Citibank NA, 32 F.Supp.2d 539 (E.D. N.Y. 1999)) Federal subject matter jurisdiction exists only when a "federal question" is presented under 28 U.S.C. § 1331, or, as provided in 28 U.S.C. § 1332, where the plaintiffs and all the defendants are of diverse citizenship and the amount in controversy exceeds $75,000. Where jurisdiction is lacking, the district court must dismiss the Complaint without regard to the merits of the lawsuit. (Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1188 (2d Cir.1996))

Plaintiff appears to invoke jurisdiction under the admiralty law as he alleges that he filed the Petition "'within the admiralty' pursuant to Special Procedures in Admiralty # Rule E(8)" (cplt.¶ 2). Plaintiff also alleges that his action is brought pursuant to 46 U.S. §§ 742-749 (cplt.¶ 4). Those provisions are included in the United States Code (Chapter 20 of Title 46) and are entitled "Suits in Admiralty by or Against Vessels or Cargoes of United States." Plaintiff further asserts that "all parties are U.S. VESSELS and fit the legal definition of a U.S. Vessel" (cplt.¶ 4) and "[t]he Court Officers/ Master/ Mariners are liable if they mislead/mis-deliver this action into the wrong Court and the law provides for criminal penalties for compliance failures" (cplt.¶ 4)

In this matter, the Petition does not contain any specific factual allegations reflecting that this Court has jurisdiction over the matter because the allegations reflect that the parties are not marine vessels.

## VI. **NATIONWIDE SCHEME**

NATIONAL CITY MORTGAGE submits that Plaintiff's petition is a fraudulent scheme being perpetrated on a nationwide scale, as evidenced by the cases identified in the Request for Judicial Notice.

## VII. **CONCLUSION**

For all the foregoing reasons, NATIONAL CITY MORTGAGE requests that the Court grant its Motion to Dismiss Plaintiff's Petition for failure to state a claim upon which relief can be granted.

DATED: March 26, 2008        WOLFE & WYMAN LLP

By: _____
ERIC M. SCHIFFER
KELLY ANDREW BEALL
Attorneys for Defendant
**NATIONAL CITY MORTGAGE COMPANY, ET. AL.**

**PROOF OF SERVICE**

STATE OF CALIFORNIA    )
                       )  ss.
COUNTY OF ORANGE       )

    I am employed in the County of Contra Costa, State of California. I am over the age of 18 and not a party to the within action. My business address is 5 Park Plaza, Suite 1100, Irvine, CA 92614-5979.

    On March 27, 2008 I served the document(s) described as NOTICE OF MOTION AND MOTION OF NATIONAL CITY MORTGAGE COMPANY TO DISMISS PLAINTIFF'S PETITION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITITES IN SUPPORT THEREOF on all interested parties in said action by placing a true copy thereof in a sealed envelope addressed as stated on the ATTACHED SERVICE LIST.

X    **BY MAIL**: as follows:

    X    **STATE** - I am "readily familiar" with Wolfe & Wyman LLP's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Walnut Creek, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

    ☐    **FEDERAL** – I deposited such envelope in the U.S. Mail at Walnut Creek, California, with postage thereon fully prepaid.

☐    **BY EXPRESS MAIL** as follows: I caused such envelope to be deposited in the U.S. Mail at Walnut Creek, California. The envelope was mailed with Express Mail postage thereon fully prepaid.

☐    **BY CERTIFIED MAIL** as follows: I am "readily familiar" with Wolfe & Wyman LLP's practice for the collection and processing of correspondence for mailing with the United States Postal Service; such envelope will be deposited with the United States Postal Service on the above date in the ordinary course of business at the business address shown above; and such envelope was placed for collection and mailing, by Certified United States Mail, Return Receipt Requested, on the above date according to Wolfe & Wyman LLP's ordinary business practice.

☐    **BY PERSONAL SERVICE** as follows: I caused a copy of such document(s) to be delivered by hand to the offices of the addressee between the hours of 9:00 A.M. and 5:00 P.M.

☐    **BY OVERNIGHT COURIER SERVICE** as follows: I caused such envelope to be delivered by overnight courier service to the offices of the addressee. The envelope was deposited in or with a facility regularly maintained by the overnight courier service with delivery fees paid or provided for.

X    **STATE**    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed On March 27, 2008, at Irvine, California.

                                                               David Felton

1
2
3
4

**SERVICE LIST**
**UNITIED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA**
**JAIME P. ARAUJO, ROSA A. ARAUJO V.NATIONAL CITY MORTGAGE CO.**
W&W File No. 1396-000
[Revised:March 27, 2008]

5
6

Jaime P. Araujo & Rosa A. Araujo
In Pro Per
17 Dunsmuir Street
San Francisco, CA 94434

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28